UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

XIUHUA SUN,

Petitioner,

v.

MIGUEL VERGARA, et al.,

Respondents.

No. 1:26-CV-079-H

**ORDER**

Xiuhua Sun entered the United States illegally three years ago. Sun was issued a Notice to Appear, charging her with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 1-2 at 4; *see* 8 U.S.C. § 1182(a)(6)(A)(i). Earlier this year, ICE detained Sun and placed her in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 7 at 3. Before the Court is Sun's habeas petition, which demands her immediate release or a bond hearing based on the text of the INA and the Fifth Amendment. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Sun's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60.

- An alien's prior release on recognizance under 8 U.S.C. § 1226 does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

Sun's arguments in the petition are the same as the arguments raised in the cases above.[2] The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. The petition (Dkt. No. 1) is denied.

So ordered on September 4, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez v. Ortega*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 180 F.4th 702 (5th Cir.), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

[2] And to the extent Sun asks the Court to decide the question of her admissibility, *see* Dkt. No. 1 ¶ 33, the Court concludes that it lacks jurisdiction. *See* 8 U.S.C. § 1252(a)(5), (b)(9); *see also Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (stating that district courts lack jurisdiction to review removal orders).